## Long v. Dow.

The time of travail commences with the pains which precede, and terminate with or soon after child-birth, and may commence twenty-four hours before that event.

A declaration required to enable a complainant in bastardy to testify, may be made to a person attending in the time of travail, though such person's attendance does not continue throughout the whole period ; and it need not be repeated to the attendants who succeed.

COMPLAINT, under the provisions of law for the maintenance of bastard children.

The defendant had been duly recognized for appearance at the court of common pleas, and upon the trial of the issue the complainant was offered as a witness.

Laura F. Long testified that on Sunday, the tenth day of March — being the day before the birth of the child — she had a conversation with the complainant, who had, in the morning, called her up some hours earlier than usual, saying that she was unwell. In that conversation she stated that the defendant was or would be the father of her child. The complainant grew more unwell during the day, and in the evening made those complaints of pain which women commonly make during their *accouchements*. Late in the evening, in a conversation between her and the witness, the complainant again said that the defendant was the father of the child. The witness further testified that the complainant continued. to grow worse until the birth of the child, in the afternoon of Monday, the next day.

Hannah Long testified that she was with the complainant from one o'clock in the afternoon of Monday, the 11th of March, until the birth of the child, and no conversation was heard by her concerning the paternity of the child.

Martha Shaw was present from six o'clock in the afternoon of the same day till the birth of the child, and heard nothing said on the subject. The child was, according to her testimony, born at about ten o'clock in the evening.

Edna Shaw was present during the same time, and heard nothing said concerning the paternity of the child.

Ruth Adams testified that she was present most of the time during the sickness of the complainant, and at the birth of the child, and heard nothing said upon the subject.

The court admitted the complainant to testify, to which the defendant excepted ; and a verdict having been taken for the complainant, by consent, the defendant moved to set the same aside.

*Perley*, for the defendant, as to the time of travail, cited 5 Mass. 517 ; 6 Greenl. 460 ; 5 Pick. 74.

The declaration was not made to the persons attending the complainant in the time of her travail.

*Pierce*, for the complainant.

WOODS, J. The time of travail, in the sense in which the expression is used in the statutes, commences with the pains which precede child-birth, and which terminate with or soon after that event. *Bacon* v. *Harrington,* 5 Pick. 63. How long the time of travail may be, or how long before the birth it may commence, has not, as a question of jurisprudence, been determined in this State.

In the present case one witness states, that late on Sunday evening, which might have been twenty-four hours before the delivery, those pains had commenced, and that after they had commenced the complainant stated to the witness, who was attending her, and who had been called for the purpose of attending her, that the defendant was the father of the child.

---

---

It does not appear that the witness continued to attend the complainant throughout the term of labor, or that the declaration was made to those who succeeded to her office.

We cannot hesitate to say that the testimony of the witness shows that the declaration was made within the period required by the statute; that it was made to a proper person, she being then in attendance; and that it was to the effect required by the statute for qualifying the complainant to testify in the trial. It is not necessary that the declaration should be repeated to each person who may, in succession, minister on the occasion, or that more than one should actually receive it.

The complainant, having complied with the statute, was correctly admitted to testify, and there must, therefore, be

*Judgment on the verdict.*